# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EUSSE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MARCO VITELA, et al., <br><br> Defendants. | CASE NO. 13CV916 BEN (NLS) <br><br> **ORDER:** <br><br> **(1) ADOPTING REPORT AND RECOMMENDATION;** <br><br> **(2) OVERRULING OBJECTIONS; AND** <br><br> **(3) GRANTING MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT** <br><br> [Docket Nos. 26, 34] |

On August 8, 2014, Defendants E. Duarte, M. Carpio, R. Nelson, Jr., G. Janda, M. Whitman, and M. Vitela filed a Motion to Dismiss portions of Plaintiff James Eusse, Jr.'s Second Amended Complaint ("SAC"). (Docket No. 26.) On November 17, 2014, Plaintiff filed an Opposition to the Motion. (Docket No. 33.) On December 23, 2014, Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("R&R") recommending the Court grant Defendants' Motion. (Docket No. 34.) Plaintiff filed Objections to the R&R on February 9, 2015. (Docket No. 37.) Defendants did not file a Reply.

///

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "The district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). This Court has carefully reviewed the R&R, Plaintiff's Objections, and the remainder of the record in this matter and **ADOPTS** the R&R over Plaintiff's Objections. The Court will not restate or address the R&R except to discuss Plaintiff's Objections and to the extent any of Plaintiff's Objections are not specifically addressed below, the Objections are overruled.

## BACKGROUND

The Court has reviewed and adopts the Report and Recommendation's recitation of the facts alleged in Plaintiff's SAC. Briefly, Plaintiff alleges that his constitutional rights were violated when he was retained in administrative segregation for a lengthy period, a total of 580 days, as a result of Defendants' false allegation that he was in possession of a weapon. Plaintiff alleges this conduct was in retaliation for his filing of grievances. Plaintiff's Objections concerning the facts are addressed below, as relevant to Plaintiff's substantive arguments concerning his claims.

## DISCUSSION

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). As the R&R accurately notes, a pleading "filed pro se is 'to be liberally construed' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff asserts claims for violation of the First, Eighth, and Fourteenth Amendments and has submitted Objections as to each claim. Defendants do not move to dismiss all claims. Rather, Defendants move to dismiss Plaintiff's Eighth and Fourteenth Amendment claims as to all Defendants and his First Amendment retaliation claim as to Defendants Nelson, Janda, Duarte, and Carpio.

## I.    First Amendment Retaliation

Plaintiff objects to the dismissal of his First Amendment retaliation claim as to Defendants Nelson, Janda, Duarte, and Carpio. The R&R recommends dismissal of each Defendant because Plaintiff has failed to allege any personal participation in retaliation by these Defendants.[1]

As to Defendant Nelson, Plaintiff asserts in his Objections that Defendant Nelson should be responsible for Defendant Vitela planting a weapon on Plaintiff because Defendant Vitela previously worked for Defendant Nelson, Defendant Nelson ordered Plaintiff's transport for an interview, Defendant Vitela followed Defendant Nelson's orders, and Defendant Carpio said Defendant Nelson had it out for Plaintiff. It appears that Plaintiff is trying to impute the conduct of Defendant Vitela to Defendant Nelson based on his supervision of and association with him, now and in the past, and Defendant Carpio's comment that Defendant Nelson had it out for Plaintiff. However, as the R&R notes, "a supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Assuming Defendant Vitela retaliated against Plaintiff by planting a weapon on him because of Plaintiff's filing of grievances, Plaintiff has still not stated a plausible claim against Defendant Nelson. Plaintiff has not alleged facts from which

---

[1] The R&R references dismissal of Defendant Vitela rather than Defendant Carpio. (R&R 5:20-21.) That this is a scrivener's error is clear from the R&R's acknowledgment on the prior page in a footnote that Defendants are not seeking to dismiss the claim as to Defendant Vitela.

1 the Court can infer that Defendant Nelson participated in, directed, or failed to act to
2 prevent retaliation against Plaintiff for exercising his First Amendment rights.

3 As to Defendant Janda, Plaintiff asserts in his Objections that Defendant Janda
4 should be responsible for Defendant Whitmans's retaliation against Plaintiff. Plaintiff
5 asserts that as chairperson at a hearing, Defendant Janda should have prevented a verbal
6 comment by Defendant Whitman. Plaintiff asserts that he presented three other inmates
7 "128-G's" with shorter sentences in administrative segregation than Plaintiff received
8 for a similar offenses. Plaintiff alleges Defendant Whitman threatened to let those other
9 inmates know that Plaintiff's presentation of their "128-G's" could increase those
10 inmates' time. As the R&R notes, Plaintiff has not alleged any personal retaliation by
11 Defendant Janda against Plaintiff. Additionally, assuming that Defendant Whitman's
12 comment constitutes retaliation, Plaintiff has not alleged facts from which the Court
13 could infer Defendant Janda directed or was in a position to direct, or could have
14 otherwise intervened to stop Defendant Whitman from making the comment. On the
15 contrary, Plaintiff asserts in his Objections that the comment was made by Defendant
16 Whitman after the hearing ended when Plaintiff was leaving the room.

17 As to Defendant Duarte, Plaintiff asserts in his Objections that the credibility of
18 Defendant Duarte's testimony at Plaintiff's trial for possession of a weapon was
19 undermined. Plaintiff alleges that Defendant Duarte testified that he completed a "cell
20 search/property confiscation slip." But, when Plaintiff's counsel pointed out that it
21 contained different handwriting on different parts of the slip, Defendant Duarte
22 admitted he did not complete the entire slip. These allegations do not state a plausible
23 claim for retaliation.

24 As to Defendant Carpio, Plaintiff asserts in his Objections that Defendant Carpio
25 should have noticed a discrepancy in the 114-D ("lock-up order"), indicating the
26 weapon was found on Plaintiff, and the 115 ("Rule Violation Report"), indicating the
27 weapon was found on the floor of the cell, and investigated the discrepancy. Plaintiff
28 seems to be arguing that Defendant Carpio is liable for Defendant Vitela falsely

accusing him of possession of a weapon because Defendant Carpio, as a supervisor, should have noticed and investigated a discrepancy between these forms. Failing to notice a discrepancy between forms does not constitute the direction of retaliation or failing to prevent known retaliation.

**II.     Eighth Amendment**

In his Objections, Plaintiff argues the same points noted above as to each Defendant discussed above. Those assertions are no more persuasive here. The Court could not infer from these facts that any of the above Defendants — Nelson, Duarte, Carpio, or Janda — personally participated in, directed others to engage in, or knew of the imposition of cruel and unusual punishment or failed to stop it.

As to Defendant Vitela, Plaintiff argues that Defendant Vitela planted the weapon that caused him to stay in administrative segregation and observed the impact of a lengthy stay in administrative segregation on Plaintiff. As to Defendant Whitman, Plaintiff argues that Defendant Whitman gave him a lengthier stay in administrative segregation than other inmates accused of similar offenses and threatened to give other inmates lengthier stays when Plaintiff raised this issue by reference to those inmates' lesser sentences.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citation omitted). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* Conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). It is the "unnecessary and wanton infliction of pain [that] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

The Court agrees that alleged verbal threats by Defendants do no state a plausible claim of cruel and unusual punishment. The Court also agrees that the conditions Plaintiff claims to have been subjected to in administrative segregation, while more

restrictive than general population, did not deprive him of adequate food, clothing, shelter, medical care, jeopardize his safety, or involve the unnecessary or wanton infliction of pain.

Plaintiff seems to argue that his conditions of confinement in administrative segregation violated the Eighth Amendment by comparison to the conditions of confinement in general population, but what the Court must assess is whether the conditions alleged constitute cruel and unusual punishment. Plaintiff alleges he was given two hours of yard time three times a week, allowed showers three times a week, given only karate shoes, allowed one-hour non-contact visits, no phone access, limited law library access, shackled when outside his cell, limited access to outside packages, not allowed access all of his property, and not allowed access to educational programs. These conditions might be characterized as uncomfortable as compared to the alternative, but they do not state a plausible claim of cruel and unusual punishment.

## III.   Fourteenth Amendment

### A.   Equal Protection

The R&R concludes that Plaintiff has not alleged an Equal Protection claim for relief. He has not alleged he was treated differently because he was part of a protected class or that Defendants' conduct lacked any rational basis. Plaintiff objects, reiterating the same allegations noted above as to each Defendant and claims he is a class of one. The R&R acknowledges the class-of-one basis for Plaintiff's equal protection claim. When the class-of-one theory serves as the basis for an equal protection claim, "the plaintiff must establish that [Defendants] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). In concluding Plaintiff has not alleged Defendants' conduct lacked any rational basis, the R&R is applying the class-of-one basis for equal protection.

Assuming the class-of-one theory applies in the prison context,[2] Plaintiff still fails to state a claim. "Tricking" Plaintiff into getting into a van transport for an interview is not a violation of Equal Protection, particularly when Plaintiff says he was returned him to his cell when he objected to being interviewed. Similarly, imposition of a different term of administrative segregation for different inmates accused of similar offenses does not alone state a plausible Equal Protection claim. *See Engquist*, 553 U.S. at 603 (deferential treatment raises an Equal Protection concern when applicable standard is uniform and lacking individualized or subjective evaluation).

**B.     Due Process**

The R&R concludes that allegations of a 580-day stay in administrative segregation may constitute a deprivation of a liberty interest at the pleading stage, but that Plaintiff received due process. "To state a procedural due process claim, the Class must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) *lack of process*.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (emphasis added) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

In his Objections, Plaintiff reiterates his complaints about the disciplinary process that resulted in administrative segregation, including that it was based on a false report that he was in possession of a weapon. However, Plaintiff's Objections also describe at length the process he received, *i.e.*, the hearing in which he unsuccessfully disputed the length of time he should be confined to administrative segregation, and at which he asserted he was not in possession of a weapon. He describes how, at his trial, his

---

[2] The class of one basis for an equal protection claims is limited. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008). It does not extend to actions "which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments" because "treating like individuals differently is an accepted consequence of the discretion granted." *Id.*; *see also Dawson v. Norwood*, No. 06cv914, 2010 WL 2232355, at *2 (W.D. Mich. 2010) (collecting cases rejecting "class-of-one theories in the context of prison officials making discretionary decisions concerning inmates"). In *Engquist*, the court noted that the class-of-one theory arose in the context of government regulation of property, a situation in which there was "a clear standard against which departures, even for a single plaintiff, could readily be assessed." 553 U.S. at 602.

attorney undermined the credibility of Defendants' testimony against Plaintiff and that Plaintiff was ultimately found not guilty of possession of a weapon. From his description, it is evident that he knew of the charges against him because he brought documentation of the length of other inmates' sentences for similar offenses to his hearing. Plaintiff also describes how he had an opportunity at trial to cross examine (impeach credibility of Defendants) and call witnesses and present documentary evidence, including the cell search form with different handwriting. This is sufficient to satisfy due process. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974) (noting necessity for notice and an opportunity to present evidence in defense). In view of Plaintiff's own description of events, Plaintiff has not stated a plausible claim of a denial of due process.

## IV. Leave to Amend

"Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Zixiang Li*, 710 F.3d at 999 (internal citation omitted). A "district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987). This is the third complaint Plaintiff has filed in this action and the second motion to dismiss filed by Defendants. Plaintiff has had multiple opportunities to cure the deficiencies of his complaints. Additionally, it is evident from Plaintiff's SAC, his Opposition to the Motion to Dismiss, and his Objections that he has included every possible factual allegation related to this action. It is clear to the Court that the claims dismissed here cannot be saved by amendment. Accordingly, the Court denies leave to amend.

## CONCLUSION

Plaintiff's First Amendment retaliation claim is **DISMISSED** as to Defendants Nelson, Janda, Duarte, and Carpio. Plaintiff's Eighth Amendment and

Fourteenth Amendment claims are **DISMISSED** in their entirety.

The case shall proceed as to Plaintiff's First Amendment retaliation claim against Defendants Vitela and Whitman.  Defendants shall file an Answer on or before **March 30, 2015.**

**IT IS SO ORDERED.**

DATED:  March 9, 2015

_____
Hon. Roger T. Benitez
United States District Judge