UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Eusse, Jr.,<br>　　　　　　　　　　Plaintiff,<br>v.<br>Marco Vitela, et al.,<br>　　　　　　　　　　Defendants. | Case No.: 3:13-cv-00916-BEN-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Dkt. No. 52) |

　　　Plaintiff James Eusse, Jr., a California prisoner proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 18 U.S.C. § 1983 on April 16, 2013. (Dkt. No. 1). Presently pending before the Court is Plaintiff's Motion for Appointment of Counsel. (Dkt. No. 52).

　　　Plaintiff asserts he is entitled to appointment of counsel on the grounds that: (1) he is "unable to afford counsel;" (2) "the issues involved in this case are complex;" (3) his family has contacted eight attorneys, but they all declined to represent him; (4) he "has a limited knowledge of the law;" (5) "Defendants have objected to providing key evidence to [his] case;" and (6) Defendants are withholding "key evidence" as confidential and undiscoverable. (Dkt. No. 52 at 1−2). For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel.

## I. LEGAL STANDARD

There is no constitutional right to be represented by counsel in a civil action. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). The court may, however, request an attorney to represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these factors are dispositive, and they must be considered together when determining whether to appoint counsel. *Wilborn*, 789 F.2d at 1331.

## II. DISCUSSION

### A. Plaintiff's Indigence And Efforts To Obtain Counsel

The Ninth Circuit requires indigent plaintiffs to make a reasonably diligent effort to secure counsel on their own before obtaining court-appointed counsel in the employment discrimination context. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981). A number of district courts have extended this requirement to requests for appointment of counsel pursuant to § 1915(d), such that plaintiffs must show: (1) they are indigent; and (2) they made a "reasonably diligent effort" to obtain counsel before the court will appoint counsel on their behalf. *See, e.g.*, *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). A plaintiff satisfies the "reasonably diligent effort" requirement by doing "all that may reasonably be expected of him[,]" but he need not "exhaust the legal directory." *Id.*

This Court acknowledged Plaintiff's indigence when it granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 6). Additionally, Plaintiff and his family have contacted eight attorneys, all of whom declined to represent Plaintiff in this

matter. (Dkt. No. 52 at 1). Thus, Plaintiff is indigent and has made a "reasonably diligent effort" to secure counsel for himself. The Court next turns to whether Plaintiff has made a showing of exceptional circumstances to warrant appointment of counsel.

### B. Exceptional Circumstances

The Court may appoint counsel to represent an indigent litigant upon a showing of "exceptional circumstances," considering both the litigant's likelihood of success on the merits, as well as his ability to articulate his claims *pro se*. *Wilborn*, 789 F.2d at 1331. However, Plaintiff has not made such a showing, and the Court declines to appoint counsel at this time.

#### 1. Likelihood of Success on the Merits

If a plaintiff does not provide evidence of his likelihood of success at trial, he fails the first factor of the *Wilborn* test. *Bailey*, 835 F. Supp. at 552. Here, Plaintiff has clearly articulated his claims, but he has not provided any evidence aside from his own assertions regarding the likelihood of success on the merits. Thus, the Court cannot determine the likelihood that Plaintiff will succeed at trial, and Plaintiff fails to satisfy the first *Wilborn* factor. However, neither of the *Wilborn* factors are dispositive, so the Court must also consider Plaintiff's ability to articulate his claims *pro se* in light of the complexity of his case. *See Wilborn*, 789 F.2d at 1331.

#### 2. Ability to Articulate Claims Pro Se

Although any *pro se* litigant "would be better served with the assistance of counsel," so long as the litigant is able to articulate his claims with sufficient clarity, the "exceptional circumstances" that require appointment of counsel do not exist. *Id.* Thus, where a *pro se* civil litigant shows he has a good grasp of basic court procedure and sets forth the factual and legal basis for his claims in a straightforward manner, he is not entitled to court-appointed counsel. *See Dunsmore v. Paramo*, No. 13-cv-1193, 2013 WL 5738774, at *2 (S.D. Cal. Oct. 22, 2013) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also, Munguia v. Frias,* No. 07CV1016, 2008 WL 80993, at *1

1  (S.D. Cal. Jan. 8, 2008).

2       Here, neither the complexity of Plaintiff's case nor his limited knowledge of the
3  law have prevented him from clearly articulating his claims.  Plaintiff asserts that his case
4  is too complex for him to handle *pro se*.  (Dkt. No. 52 at 3).  But, the Court understands
5  Plaintiff's articulation of his claims, as well as the relief he seeks.  Moreover, Plaintiff
6  has shown a basic understanding of court procedure, evidenced by the several motions
7  and documents he has successfully filed with this Court.  (*See e.g.* Dkt. No. 5, 7, 8, 19,
8  21, 28, 31, 33, 35).  Thus, Plaintiff is able to articulate his claims *pro se* and does not
9  require court-appointed counsel.

10      Nor do Plaintiff's difficulties investigating his case entitle him to appointment of
11 counsel.  Plaintiff asks the Court to appoint counsel because his case requires discovery,
12 he is currently incarcerated and is unable to investigate the facts, and he has limited
13 access to the library.  (Dkt. No. 52 at 5−6).  However, the need for discovery or
14 difficulties developing the factual record do not constitute the type of "exceptional
15 circumstances" required for appointment of counsel.  *Wilborn*, 789 F.2d at 1331.  Indeed,
16 if "all that was required to establish successfully the complexity of the relevant issues
17 was a demonstration of the need for the development of further facts, practically all cases
18 would involve complex legal issues" warranting appointment of counsel.  *Id.*
19 Additionally, Plaintiff contends appointment of counsel is warranted because Defendants
20 objected to some of his requests for production.  (Dkt. No. 52 at 1−2).   In fact, Plaintiff
21 filed a presently pending Motion to Compel Discovery to contest Defendant's objection.
22 (*See* Dkt. No. 46).  However, these discovery concerns, as well as Plaintiff's limited
23 access to the prison library, do not present "exceptional circumstances," but rather
24 illustrate the difficulties any prisoner would have litigating *pro se*.  *Miller v.*
25 *LaMontagne*, No. 10-CV-702, 2012 WL 1666735, at 1 (S.D. Cal. May 11, 2012);
26 *Mayweathers v. Hickman*, No. 05CV713, 2008 WL 4192684, at *1 (S.D. Cal. Sept. 10,
27 2008).  Thus, they do not justify the appointment of counsel.

Finally, Plaintiff contends he should be appointed counsel because he has demanded a jury trial and he is ill-suited to present his case or handle issues of conflicting testimony and credibility on his own.  (Dkt. No. 52 at 6−7).  However, these concerns do not present an exceptional circumstance warranting appointment of counsel at this time, as this case is still in the discovery phase.  *See Miller*, 2012 WL 1666735, at *2.  Therefore, Plaintiff has not shown that he is incapable of articulating his claims *pro se*.  As a result, he has not satisfied the second *Wilborn* factor to warrant appointment of counsel.

## III. CONCLUSION

Plaintiff has not satisfied either of the *Wilborn* factors because he has not shown that he is likely to succeed on the merits or that he is incapable of articulating his claims *pro se*.  Accordingly, Plaintiff has not established the exceptional circumstances required for appointment of counsel.  Thus, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

Dated:  July 16, 2015

Hon. Nita L. Stormes
United States Magistrate Judge