UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Eusse, Jr.,<br><br>          Plaintiff,<br><br>v.<br><br>Marco Vitela, et al.,<br><br>          Defendants. | Case No.: 3:13-cv-00916-BEN-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>(Dkt. No. 46) |

  Plaintiff James Eusse, Jr., a California prisoner proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 18 U.S.C. § 1983 on April 16, 2013. (Dkt. No. 1). Plaintiff alleges that Defendants, both prison officials, retaliated against him for exercising his First Amendment right to file a grievance while he was incarcerated at Centinela State Prison. (Dkt. No. 46 at 4). Presently pending before the Court is Plaintiff's Motion to Compel Discovery. (Dkt. No. 46). Plaintiff seeks to compel further production in response to his first and second sets of discovery requests because Defendants' responses and objections were untimely, and they therefore waived all objections. *Id.* at 4−5. Plaintiff also contests some of Defendants' specific objections to his first set of discovery requests. *Id.* at 5−8. Defendants filed an Opposition on June 18, 2015. (Dkt. No. 49).

For the reasons explained below, the Court finds that Defendants' responses were timely, and they did not waive their objections as a result. Additionally, the Court **DENIES WITH PREJUDICE** Plaintiff's motion to the extent that it seeks further production in response to Plaintiff's first set of discovery requests because the documents sought are equally available to Plaintiff, albeit at a cost. The Court further **DENIES WITHOUT PREJUDICE** Plaintiff's motion to the extent that it seeks further production regarding his second set of discovery requests. As required by the Court's scheduling order, the parties shall meet and confer to attempt to resolve their concerns regarding Defendants' responses to Plaintiff's second set of discovery requests before bringing those concerns before the Court.

**I.   BACKGROUND**

Plaintiff gave prison authorities his first set of Requests for Production on March 25, 2015. (Dkt. No. 46 at 2). These requests were then mailed to Defendants on March 27, 2015. (Dkt. No. 49 Exh. A at 3). Plaintiff then submitted a second set of Requests for Production on April 22, 2015, (Dkt. No. 46 at 2), which was mailed on April 23, 2015, (Dkt. No. 49 Exh. B at 3).

Defendants mailed Plaintiff their responses to the first set of Requests for Production on April 27, 2015. (Dkt. No. 49 at 7). Plaintiff asserts he received it on April 30, 2015. (Dkt. No. 46 at 2). Defendants' responses contained objections, namely that the documents sought by the requests are equally available to Plaintiff. (Dkt. No. 49 at 7). On May 6, 2015, Plaintiff mailed defense counsel a letter in an effort to resolve the dispute. (Dkt. No. 46 at 2). According to Plaintiff, defense counsel did not respond. *Id.*

Defendants mailed Plaintiff their responses to the second set of Requests for Production on May 26, 2015. (Dkt. Nos. 49 at 10; 49-6 at 183). Their response contained a number of objections, including that some information Plaintiff requests is protected by the official information privilege, and that some information is equally

available to Plaintiff through an *Olson* review.[1]  *Id.* at 11−16.  Defendants also produced more than 300 pages of documents in response to Plaintiff's second set of Requests for Production.  (*See* Dkt. No. 49 Exh. C).

Plaintiff filed this Motion to Compel Discovery on May 28, 2015, before he received Defendants' response to his second set of discovery requests.  (Dkt. No. 46 at 2).  Plaintiff asks the Court to compel discovery because, he asserts, Defendants responses were untimely, and they therefore waived any objections.  *Id.* at 4−5.  Plaintiff also contests Defendants' objection that certain documents are equally available to him because, as an indigent prisoner, he cannot afford to obtain his trial transcripts and exhibits himself.  (Dkt. No. 46 at 5−6).  Therefore, he argues, Defendants should provide those records for him.  *Id.*  As Plaintiff filed this motion before he received Defendants' response to his second set of discovery requests, he does not address any of the specific objections Defendants raised therein.

## II.   LEGAL STANDARD

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his case.  Fed. R. Civ. P. 26(b)(1).  Once the party seeking discovery has established that his request meets this broadly-construed relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  *Bryant v. Ochoa*, No. 07-cv-200, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).  When a party believes the responses to his requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure.  Fed. R. Civ. P. 37.  The movant must show that he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention.  *Id.*

---

[1] An "*Olson* review" is a review of an inmate's central or medical files.  *In re Olson*, 37 Cal.App.3d 783 (1st Dist. 1974).

## III. DISCUSSION

### A. Defendants' Responses Were Not Untimely.

Plaintiff first asks the Court to compel discovery on the ground that Defendants did not answer his requests within the 30 days required by Federal Rule of Procedure 34. (Dkt. No. 46 at 4−5). Thus, Plaintiff argues, Defendants' responses were untimely, and Defendants waived their right to object to his requests for production as a result. *Id.*

Federal Rule of Civil Procedure 34 requires a party to respond in writing within 30 days of being served with a discovery request. Fed. R. Civ. P. 34(b)(2). However, parties are allotted three additional days to respond when service is done by mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C). Fed. R. Civ. P. 6(d). Thus, parties serving by mail must respond within thirty-three days to preserve any objections to the discovery requests. Service is complete on the date of mailing, Fed. R. Civ. P. 5(b)(2)(C), or in the event that the serving party is a prisoner proceeding *pro se*, on the date that the prisoner submits his documents to prison authorities for mailing, *Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir. 1993), *disapproved on other grounds as stated in McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

Here, Plaintiff gave prison authorities his first and second set of Requests for Production for mailing on March 25, 2015 and April 22, 2015, respectively. (Dkt. No. 6 at 2). Because the parties served via mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), Defendants had 33 days from these dates to respond to each of Plaintiff's discovery requests. *See* Fed. R. Civ. P. 6(d).

Defendants mailed their responses to Plaintiff's first set of requests on April 27, 2015, the thirty-third day after Plaintiff served the requests. (Dkt. No. 46 Exh. C at 4). Defendants mailed their response to Plaintiff's second set of requests on May 26, 2015, the thirty-fourth day after Plaintiff served the requests. *Id.* at 339. However, because the thirty-third day (May 25, 2015) was Memorial Day, the deadline for service was extended by one additional day. *See* Fed. R. Civ. P. 6(a)(1)(C). Thus, Defendants'

1  responses were timely, and their objections were not waived.

2      **B.**    **Plaintiff's First Set of Requests for Production.**

3      Plaintiff's first set of Requests for Production sought copies of all trial transcripts
4  and exhibits from his criminal case.  (Dkt. No. 46 at 5−6).  Defendants objected, stating
5  that these documents are not in Defendants' possession, and are equally available to
6  Plaintiff through other means.  (Dkt. No. 49 at 8−9).  Plaintiff sent defense counsel a
7  letter in response, seeking to resolve the dispute.  (Dkt. No. 46 at 2).  The Court views
8  Plaintiff's letter as an attempt to meet and confer, and will therefore address the
9  discovery dispute on the merits.  *See* Fed. R. Civ. P. 37 (motion to compel "must include
10 a certification that the movant has in good faith conferred or attempted to confer with the
11 person or party failing to make disclosure").

12     "A court may refuse to order production of documents of public record that are
13 equally accessible to all parties."  *Franklin v. Smalls*, No. 09cv1067, 2012 WL 5077630,
14 at *17 (S.D. Cal. Oct. 18, 2012) (quoting 7 James Wm. Moore, et al., *Moore's Federal*
15 *Practice*, § 34.12[5][b], at 34−53 (3d ed. 2011)(footnote omitted)).  But a court may
16 require the adverse party to produce documents at cost where the documents are relevant,
17 subject to production, and the plaintiff is unable to obtain the documents on his own due
18 to his indigence.  *Haney v. Adams*, No. 1:07-cv-1104, 2012 WL 6097084, at *2 (E.D.
19 Cal. Dec. 7, 2012).  Such production may only be required when the producing party
20 either possesses the documents sought or has control over the entity who is in possession
21 of the documents, such that they can order disclosure.  *Id.* at 3.

22     A litigant permitted to proceed *in forma pauperis* is merely permitted to file his
23 suit without payment of the filing fee.  *See* 28 U.S.C. § 1915.  "*In forma pauperis* status
24 does not entitle a prisoner to free copies of documents from the existing Court record."
25 *Armstead v. United States*, No. C11-1352, 2012 WL 380280, at *1 (W.D. Wash. Feb. 6,
26 2012).  Thus, indigent prisoners must obtain their own discovery where it is equally
27 available to all parties, even at a cost.  *See, e.g., Rodgers v. Martin*, No. 1:12-cv-01686,

2014 WL 4344499, at *7 (E.D. Cal. Aug. 29, 2014) (refusing to order defendants to produce deposition transcripts where equally available); *Armstead*, 2012 WL 380280, at *1 (denying motion to compel production of trial transcripts); *Gibson v. Beer*, No. 103CV05445, 2008 WL 2344340, at *2 (E.D. Cal. June 5, 2008) (*in forma pauperis* litigant must pay fees to obtain copies from court clerk).

Here, Plaintiff asks the Court to compel production of his trial transcripts because he cannot afford the $2,100 fee to obtain them from the court reporter himself. (Dkt. No. 46 at 5). However, Plaintiff has not shown that Defendants possess a copy of his trial transcripts that they could produce. (*See generally* Dkt. No. 46). Nor has Plaintiff provided any legal authority upon which the Court should order Defendants to purchase a copy of his transcripts for him. *Id.* Moreover, Defendants attest that they do not have the requested transcripts. (Dkt. Nos. 49 at 4; 49-9 at ¶ 4). Thus, Defendants' objection that Plaintiff's trial transcripts are equally available to Plaintiff, albeit at a price, is sustained.

Plaintiff also asks the Court to compel Defendants to produce his trial exhibits because his attempts to obtain them from the Clerk of the El Centro Superior Court have been unsuccessful. *Id.* at 6. But again, Plaintiff has not shown that Defendants have copies of these documents, and in fact, Defendants attest they do not. (Dkt. No. 49 at 4; 49-9 at ¶ 4). Thus, the Court will not order Defendants to produce copies of Plaintiff's trial exhibits.

**C.  The Parties Must Meet and Confer Regarding Plaintiff's Second Set of Requests for Production.**

A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure." Fed. R. Civ. P. 37(a)(1). And the Court expects the parties "to make every effort to resolve all disputes without court intervention through the meet and confer process" before bringing their concerns before the Court. (Dkt. No. 43 (Sched. Order Reg. Disc.) at 2).

Plaintiff filed this Motion to Compel Discovery before he received Defendants' responses to his second set of Requests for Production. (Dkt. No. 46 at 2). Therefore, he has not had adequate time to review Defendants' objections, as well as the hundreds of pages of documents Defendants produced. Moreover, Plaintiff and Defendants have not met and conferred about Defendants' objections and any reasons Plaintiff believes specific objections are meritless.

Accordingly, the parties are directed to meet and confer by telephone by **August 17, 2015**, to address Defendants' objections and Plaintiff's reasons to compel further production. Defendants are directed to initiate the call. If after a good faith effort to meet and confer, the parties are unable to resolve their disputes, they may file a joint motion for determination of discovery dispute.

## IV.  CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Compel is **DENIED WITH PREJUDICE** with respect to his first set of Requests for Production, and is **DENIED WITHOUT PREJUDICE** with respect to his second set of Requests for Production. If, after making a good faith effort to meet and confer regarding any specific challenges Plaintiff asserts against Defendants' objections, the parties reach an impasse, the parties may file a Joint Motion for Determination of Discovery dispute regarding Plaintiff's second set of Requests for Production on or before **August 31, 2015.**

**IT IS SO ORDERED.**

Dated:  August 4, 2015

Hon. Nita L. Stormes
United States Magistrate Judge