1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11 | JAMES EUSSE, JR.,                          Case No.:  3:13-cv-00916-BEN-NLS

                                Plaintiff,
12

13 | v.                                        **ORDER DENYING MOTION TO**

                                               **COMPEL FURTHER RESPONSES**
14 | M. VITELA, et al.,
                                               **TO INTERROGATORIES**
                                Defendants.
15                                             (Dkt. No. 63)

16

17

18        Plaintiff James Eusse, Jr., a California prisoner proceeding *pro se* and *in forma*

19 *pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on April 16,

20 2013.  (Dkt. No. 1.)  Before the Court is Plaintiff's motion to compel further responses to

21 certain interrogatories.  (Dkt. No. 63.)  Defendants oppose Plaintiff's motion.  (Dkt. No.

22 66.)  For the reasons stated below, the Court **DENIES** Plaintiff's motion.

23        **I.    Relevant Background**

24             **a.  Summary of Factual Allegations[1]**

25        Plaintiff's surviving claims allege that Defendants Vitela and Whitman retaliated

26 _____

27 [1] This summary is taken from the Court's earlier discovery dispute order.  (*See* Dkt. No. 61.)

1    against him for exercising his First Amendment rights while he was incarcerated at

2    Centinela State Prison.  (Dkt. No. 41 at 9.)  According to allegations in Plaintiff's Second

3    Amended Complaint, on April 6, 2011, Defendant Vitela escorted Plaintiff to a holding

4    cage.  After strip searching Plaintiff and removing Plaintiff from the cage, Defendant

5    Vitela allegedly planted an inmate manufactured weapon in the cage.  (Dkt. No. 25 at 5, ¶

6    20.)  Plaintiff alleges that Vitela then made a false "114-D" lock-up order and a "115"

7    report, and perjured himself at Plaintiff's trial.  (Id. at 6, ¶ 22.)  The alleged retaliation

8    caused Plaintiff to fear further retaliation and kept him from pursuing his claims.  (Id. at

9    5, ¶ 18.)

10    The Second Amended Complaint also details an incident with Defendant Whitman,

11    in which Plaintiff disputed the time he would receive in the segregated housing unit for

12    the contraband weapon charge.  (*See* id. at 6, ¶ 29.)  Plaintiff believed the time spent

13    should have been only seven months, but his 128G form indicated it would be ten

14    months.  (Id. at 6, ¶ 30.)  Plaintiff alleges Defendant Whitman was part of the

15    Institutional Classification Committee ("ICC").  (Id. at 6, ¶ 29.)  Defendant Whitman

16    allegedly told Plaintiff he "would do the full ten months and then some and that Plaintiff

17    should learn to keep his mouth shut."  (Id. at 7, ¶ 32.)  When Plaintiff asked for the 128G

18    forms back, he alleges Defendant Whitman said "No, I'm going to keep them [because]

19    you just caught your 3 friends an extra 2 months 15 days and I'm going to tell them that

20    it's [because] of you that they're getting the extra time."  (Id. at 7, ¶ 33.)

21              **b.  Procedural Background To The Parties' Discovery Dispute**

22    On September 3, 2015, Plaintiff served Defendants with Interrogatory Numbers 1

23    and 2.  (Dkt. No. 63 at 2, citing Exh. A.)  Interrogatory Number 1 seeks the following

24    information: "How many inmates at Calipatria State Prison were given a Rule Violation

25    Report (RVR) / CDCR 115 from Dec. 20, 2010—Dec. 20, 2012 for the specific act of

26    Possession of an Inmate Manufactured Weapon."  (Dkt. No. 63 at 9.)  Interrogatory

27    Number 2 asks: "What was each of those Inmates - who you list for the response of

1  Plaintiffs 'Interrogatory No. 1' - S.H.U. assessment to include their Possible Mitigated

2  Asserted S.H.U." (Id.)  These requests essentially seek information about the number of

3  inmates that were given rules violation reports for possessing an inmate manufactured

4  weapon during a two year period, and the Security Housing Unit ("SHU") terms imposed

5  on those inmates.  (*See* id.)

6  　　　On October 6, 2015, Plaintiff received Defendants' responses.  Defendants

7  objected to Interrogatory Numbers 1 and 2 on the grounds that they are over broad,

8  unduly burdensome and seek irrelevant information not reasonably calculated to lead to

9  the discovery of admissible evidence.  (Dkt. No. 63 at 10-19 (Exhs. B & C); *see also* Dkt.

10  No. 66 at 4-5.)

11  　　　Plaintiff wrote a meet and confer letter to Defendants' counsel on October 19,

12  2015, and had not heard back as of the date he constructively filed the present motion.

13  (Id. at 2.)  Plaintiff constructively filed his motion on November 24, 2015, which was

14  received and filed *nunc pro tunc* to December 3, 2015.  (See id.)  He seeks to compel

15  further responses to Interrogatory Numbers 1 and 2 on grounds the information sought is

16  relevant and that Defendants' objections lack the requisite specificity and thus are

17  waived.

18  　　　Defendants filed their opposition on January 4, 2016.  (Dkt. No. 66.)  Defendants'

19  opposition states the parties met and conferred via telephone on December 15, 2015, but

20  were unable to resolve the dispute.  (Dkt. No. 66-1 at ¶ 2.)

21  　**II.　Legal Standard**

22  　　　Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery as

23  follows:

24  
25  Parties may obtain discovery regarding any nonprivileged information that is
relevant to any party's claim or defense and proportional to the needs of the
case, considering the importance of the issues at stake in the action, the
26  amount in controversy, the parties' relative access to relevant information, the
parties' resources, the importance of the discovery in resolving the issues, and
27

1
2
>whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

3  The party seeking to compel discovery has the burden of establishing that his request

4  satisfies the relevancy requirements of Rule 26. *Bryant v. Ochoa*, 2009 U.S. Dist. LEXIS

5  42339, 2009 WL 1390794, at \*1 (S.D. Cal. May 14, 2009). Once the party seeking

6  discovery has established that his request meets this relevancy requirement, "the party

7  opposing discovery has the burden of showing that the discovery should be prohibited, and

8  the burden of clarifying, explaining or supporting its objections." *Id.*

9  **III.   Discussion**

10  The Court first addresses Plaintiff's contention that Defendants' objections lack the

11  requisite specificity.  Plaintiff relies on *Caldwell v. Ctr. For Corr. Health*, 228 F.R.D. 40

12  (D.D.C. 2005) to support his argument.  In *Caldwell*, the district court explained that

13  objections asserting an interrogatory is overly broad, burdensome or oppressive must be

14  supported by affidavits or evidence that reveals the nature of the burden, and the failure to

15  do so waives the objection. *See id* at 44.  The *Caldwell* court also stated, however, that

16  even if such an objection is waived, a plaintiff is not entitled to discovery that is not

17  relevant. *Id.*

18  Even assuming *arguendo* that *Caldwell* is applicable persuasive authority,

19  Defendants did not rely on their over breadth and burdensome objections in their

20  opposition. (Dkt. No. 66 at 4-7.)  Instead, Defendants relied on their objections based on

21  relevance. (Id.)  Accordingly, Plaintiff's contention that Defendants' objections lack

22  specificity is unsupported.  The Court next turns to whether the discovery Plaintiff seeks is

23  relevant.

24  Plaintiff avers the discovery sought is relevant because he needs to support his claim

25  that Defendant Whitman's assessment of a possible 10-month SHU term for Plaintiff was

26  an act of retaliation. (Dkt. No. 63 at 5.)  He contends that other inmates charged with

27  possessing an inmate manufactured weapon were only assessed a term of 7 months and 15

1   days.  (Id.)  He also asserts he previously possessed three 128-G forms that showed other

2   inmates with the same charges were only given a possible 7 months and 15 days.   He

3   contends Defendant Whitman took the forms from him and refused to give them back.

4   (Dkt. No. 63 at 6, *citing Second Amended Compl.*, Dkt. No. 25, ¶¶ 29-33.)

5        Defendants contend the discovery sought has no bearing on whether Defendants

6   retaliated against Plaintiff in response to Plaintiff filing administrative appeals against

7   them.  (Dkt. No. 66 at 45.)  They contend the SHU terms imposed on other inmates will

8   not establish whether Defendant Vitela planted a weapon in Plaintiff's cell for filing an

9   inmate appeal against him or that Defendant Whitman imposed an improper term on

10  Plaintiff for filing an inmate appeal.  (Id. at 5.)

11       The Ninth Circuit has stated the five basic elements of a "viable claim" of First

12  Amendment retaliation in the prison context as follows:  "(1) An assertion that a state actor

13  took some adverse action against an inmate (2) because of (3) that prisoner's protected

14  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

15  rights, and (5) the action did not reasonably advance a legitimate correctional goal."

16  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (*citing Rhodes v. Robinson*, 408

17  F.3d 559, 566 (9th Cir. 2005)).

18       Here, Plaintiff does not argue the discovery sought is relevant to his claim that Vitela

19  planted a weapon.  (*See* Dkt. No. 63, *passim.*)  Rather, Plaintiff only takes the position that

20  the discovery is relevant to his claims against Defendant Whitman.  (Dkt. No. 63 at 5

21  (discovery is "needed to demonstrate that Defendant Whitman's assessment of a possible

22  10-month S.H.U. term for Plaintiff was an act of retaliation.")  The Court likewise does not

23  see how information about the duration of other inmates' SHU terms would be relevant to

24  Plaintiff's claim that Defendant Vitela planted a weapon in his cell.  Accordingly, the Court

25  denies Plaintiff's motion to the extent Plaintiff moves to compel further responses from

26  Defendant Vitela as to Interrogatory Numbers 1 and 2.

27       The Court next turns to whether the discovery sought is relevant or may lead to

1  admissible evidence regarding Plaintiff's claim that Defendant Whitman retaliated against

2  him.   Plaintiff apparently asserts that if other inmates charged with possessing a

3  manufactured weapon were given the standard 7 and a half month SHU term, whereas

4  Plaintiff was given a ten month term, then it would tend to show Whitman retaliated against

5  him.  (*See* Dkt. No. 63 at 5.)  Defendants respond that information about other inmates'

6  SHU terms are not relevant because mitigating and aggravating factors can be considered

7  in assessing an SHU term, and so each rules violation hearing for each inmate would be

8  distinct and irrelevant to one another.  (Dkt. No. 66 at 5.)

9        The Court agrees with Defendants that information about other inmates' SHU terms

10  are not relevant to Plaintiff's retaliation claim against Defendant Whitman.  A SHU term

11  for an inmate is calculated based on the "expected" term under the regulations, but other

12  factors may exist to warrant imposing a lesser or greater period of confinement.  (Dkt. No.

13  66 at 5, *citing* 15 Cal. Code Regs. § 3341.5(c)(9)(D)(2); *see also* Dkt. No. 63 at 6).[2]  When

14  calculating a SHU term, the ICC addresses "aggravating and mitigating factors," which are

15  taken into consideration when assessing a SHU term.  Id.  The discovery sought therefore

16  would not necessarily shed light on whether Defendant Whitman retaliated by imposing a

17  ten month sentence because the SHU terms assessed may vary based on each inmates'

18  aggravating or mitigating factors.  Accordingly, Defendants need not provide further

19  responses to these interrogatories because the interrogatories seek irrelevant information.

20  /

21  /

22  /

23  /

24  /

25

26  [2] Both parties cite to 15 Cal. Code Regs. § 3341.5(c)(9)(D)(2) in their briefs.  (Dkt. No. 63 at 6; Dkt. No.
66 at 5.)  These provisions and their subsections, however, now appear to be found under 15 Cal. Code
27  Regs. § 3341.9(a).

1

**IV.    Conclusion**

2

For the forgoing reasons, the Court **DENIES** Plaintiff's motion to compel further

3

responses to interrogatories.

4

**IT IS SO ORDERED.**

5

Dated:  February 4, 2016

6

Hon. Nita L. Stormes

7

United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

3:13-cv-00916-BEN-NLS