UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EUSSE, JR.,<br><br>                           Plaintiff,<br><br>v.<br><br>M. VITELA, et al.,<br><br>                          Defendants. | Case No.: 3:13-cv-00916-BEN-NLS<br><br>**ORDER:**<br><br>  **(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>  **(2) DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR RECONSIDERATION**<br><br>(Dkt. Nos. 92 and 94) |

    Before the Court is Plaintiff's Motion for Reconsideration of the Court's February 4, 2016 Order denying his request to compel further responses to interrogatories. Having reviewed and considered the papers submitted, the Court **DENIES** Plaintiff's motion for reconsideration. The Court also **DENIES AS MOOT** Plaintiff's motion for extension of time.

## I.     Background

After conferring with the assigned District Judge in this matter and in light of the posture of the case, the Court modified the deadline for Plaintiff to file his motion for reconsideration to March 14, 2016.  (Dkt. No. 87.)  Plaintiff did not file his motion for reconsideration until two weeks after the deadline, on March 28, 2016.  Although Plaintiff attests he did not receive notice of the revised deadline to file his motion for reconsideration until March 14, 2016, and filed a request for extension of time that day, his motion for extension of time was not received by the undersigned's chambers until April 5, 2016.  (*See* Dkt. No. 93.)  In any event, the Court reviewed Plaintiff's submissions and discusses them below.

## II.    Discussion

Plaintiff asks this Court to reconsider its February 4, 2016 Order wherein the Court denied his motion to compel further responses to certain interrogatories.  (Dkt. No. 72.)  The Court maintains an inherent authority to reconsider all interlocutory orders.  *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir.1996); *Abada v. Charles Schwab & Co., Inc.*, 127 F.Supp.2d 1101, 1102 (S.D. Cal. 2000).  When filing a motion for reconsideration, Civil Local Rule 7.1.i requires a party to show that "new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  "[A] motion for reconsideration is properly denied when the unsuccessful party uses the motion as a vehicle for reiterating arguments previously presented."  *Ademiluyi v. Phillips*, 2014 U.S. Dist. LEXIS 173739, *2 (D. Nev. Dec. 12, 2014) (*citing Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir.1995).

Even if Plaintiff's motion for reconsideration had been timely, the Court does not find grounds to reconsider or otherwise revise its earlier order.  Plaintiff provides no persuasive basis of new or different facts and circumstances that did not previously exist or were not otherwise shown.  He essentially reasserts the same arguments from his initial motion.  (Dkt. No. 92 at 5-7.)  He also contends that perhaps the Court did not

consider all the authorities he relied on in his initial motion to compel.  (Dkt. No. 92 at 7.) The Court clarifies for Plaintiff that it indeed considered the authorities Plaintiff cited when it ruled on the earlier motion.  Moreover, Plaintiff provides no authority to support that the relief he seeks would be proper.  Plaintiff requests the Court allow Plaintiff to "retract" the disputed interrogatories and replace them with requests for production of documents, and to order Defendants to produce responsive documents.  (Dkt. No. 92 at 8.)  Plaintiff thus seeks to propound new discovery after the discovery period has already closed, and he has not shown good cause or excusable neglect to justify reopening discovery.  For the forgoing reasons, Plaintiff's motion for reconsideration is **DENIED** and Plaintiff's motion for extension of time to file his motion for reconsideration is **DENIED AS MOOT**.

      **IT IS SO ORDERED.**

Dated:  April 7, 2016

*[signature]*

Hon. Nita L. Stormes
United States Magistrate Judge